■ In the Matter of GEORGE BOUNDS, as Superintendent of Highways of the Town of Smithfield, Respondent, v. JULIUS J. THAISZ et al., Appellants.— Appeal from a decision and order of County Court, Madison County. Petitioner Bounds, as Superintendent of Highways of the Town of Smithfield, instituted this proceeding in the Madison County Court to acquire lands for a town highway in pursuance of section 173 of the Highway Law. His petition alleged that the appellants owned certain lands described by parcels; that such lands were "necessary to be acquired for the proposed town highway and not subject to acquisition by voluntary dedication and release or by purchase from the owners"; that the lands described are "needed for" the highway; and that the town has "been unable to agree with the owners" for the purchase of the lands. The appointment of three condemnation commissioners was requested and the court made the appointment. The commissioners viewed the premises, held hearings, and made a report which, although stating that the proposed highway "crossed the lands of" the appellants Resnick and Thaisz, found that appellants had sustained no damage. It was stipulated before the commissioners

that all questions of title be referred to the County Judge. On the cross motions to confirm and vacate the report of the commissioners the County Court confirmed the report. The County Court failed to follow the stipulations of the parties and did not determine whether appellants had title to the land taken. On the face of the petition for the appointment of the commissioners, it is alleged they had title to the land taken. It seems to be argued by the town that there had been some sort of prior dedication of lands to public use; but the allegation of ownership in the petition is inconsistent with this and the failure of the County Court to determine who owns the land upon which the road is to be laid out makes it impossible properly to review this order. If the defendants have title and the land is taken they must have just compensation and in such a situation the commissioners could not evade the responsibility to fix it. If none of their land is taken it may well be there would be no consequential damage to land not taken; but we do not reach that question on this record. Appellant Helen Dow Baker moved to vacate the report and has appealed from the orders. The report makes no reference to her or her interest in any parcel. A stipulation is made between counsel that "had they [the commissioners] considered Helen Dow Baker's property" their report "would have been the same" as in the cases of the other appellants. The grievance of this appellant, as we see it, is that the commissioners did not pass at all on her right to damage; and she is entitled to have a decision. We cannot act upon a stipulation of what the decision of the commissioners would have been had one been made. Order insofar as appealed from by appellants Thaisz and Resnick reversed; motion to confirm denied; and proceeding remitted to the County Court to determine title of the appellants and to return to the commissioners for further consideration if title is found in such appellants; and in the case of appellant Baker to remit to the commissioners to determine damage, if any, in her case, with $50 costs to appellants. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.